After hearing, appellant was ordered committed to a mental institution by judgment of the Probate Court of Jefferson County. He has brought an appeal from that judgment to this court under § 22-52-15, Code of Alabama (1975) as amended by Act No. 670, Acts of the Legislature, Regular Session, 1977.
As pertinent, the statute is as follows:
 § 22-52-15. Appeals. An appeal from an order of the probate court granting a petition seeking to commit a person to the custody of the Alabama state department of mental health . . . lies to the circuit court for trial de novo unless the probate judge who granted the petition *Page 909 was learned in the law, in which case the appeal lies to the Alabama Court of Civil Appeals on the record.
(Emphasis added.)
Appellant has brought his appeal here directly from probate court under the statute because the judge who heard the case and entered judgment was learned in the law. The only issue stated by appellant is that the statute under which he appeals denies him equal protection because it prevents him from appealing to circuit court for a trial de novo. He does not allege any error committed by the trial court. He presents a constitutional issue here for the first time.
This is an appellate court with authority to review or supervise the acts and orders of courts of original jurisdiction. The issue presented to us is original and not appellate. Our appellate courts do not consider issues, constitutional or otherwise, which were not first raised in a trial court. McGugin v. McGugin, 357 So.2d 347 (Ala.Civ.App. 1978); Caylor v. Caylor, 344 So.2d 173 (Ala.Civ.App. 1977).
For failure to charge error in the trial or judgment below, that judgment must be affirmed on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.