This is a case involving a contract for the sale of land. The plaintiffs below (purchasers) appeal from the final judgment of the trial court, claiming that the damages *Page 1347 
which they were awarded by the trial court were inadequate.
The parties apparently entered into an oral agreement whereby the defendants would convey to the plaintiffs a house and lot for $46,000. The parties went to a local bank to draw up an agreement, but for some reason never signed it. Also, for another reason, which is not clear from the record, one-half acre of the one-acre lot upon which the house was located was sold separately to the plaintiffs for $1,000. This agreement was put into writing and signed by the parties. There was an understanding between the parties that if the sale of the house and other one-half acre did not go through, the plaintiffs would reconvey the $1,000 lot to the defendants.
A few weeks after the initial transaction, the plaintiffs also gave the defendants a $4,000 check.
The sale failed to go through, due to the inability of the plaintiffs to secure a VA loan. Subsequently, the plaintiffs asked the defendants to return their money. The defendants refused to do so, and the plaintiffs filed a claim against the defendants for $5,000.
The trial court, sitting ore tenus, entered an order awarding the plaintiffs $1,000. There was much conflicting testimony offered on the issue of what the $4,000 check was for. The defendants contended it was earnest money and therefore should be forfeited, and the plaintiffs contended that it was a down payment on a conditional sale where the condition did not occur, and therefore should be refunded. The trial court, after listening to the testimony, apparently agreed with the defendants on the nature of the $4,000 check and the plaintiffs on the nature of the $1,000 transaction for the lot. The plaintiffs filed a motion for a new trial, alleging that the damages awarded to them were inadequate. The trial court denied the motion.
On appeal, we are confronted with two problems in any attempt to resolve this case in the plaintiffs' favor. The first problem is that the findings of a trial court, sitting ore tenus, are presumed correct and will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous and manifestly unjust. Chaffin v. Hall, 439 So.2d 67 (Ala. 1983). This presumption of correctness of the judgment rendered ore tenus is strengthened by the denial of the plaintiffs' motion for a new trial. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App. 1982).
The second obstacle we face in considering the plaintiffs' arguments on appeal is that the only citation of authority or precedent in the plaintiff's brief is one case involving the ore tenus rule. There is no authority given for the plaintiffs' contentions that the damages award was inadequate. An appellant's contentions must be supported by authority and the reasons for the contentions. Blair v. York Engineering Co.,380 So.2d 878 (Ala.Civ.App. 1980); Rule 28, A.R.A.P. Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor function to perform all of the legal research for an appellant. Shory v. Peavy, 431 So.2d 1319
(Ala.Civ.App. 1983). Indeed, we are required to affirm this case, because the brief does not contain the citation of any authority in support of the argument made in the brief. Neal v.First Alabama Bank of Huntsville, 440 So.2d 1111 (Ala.Civ.App. 1983). Therefore, the case is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1348