L. CHARLES WRIGHT, Retired Appellate Judge.
This matter was begun by the filing of a petition by a former wife for a rule nisi to enforce a divorce decree entered in 1982 by the circuit court of Tuscaloosa County, Alabama. Service of the petition was had by registered mail upon the defendant former husband in Florida. Defendant filed an answer to the petition on July 2, 1987. Notice of setting for trial on October 23 was served upon defendant by mail on July 16, 1987. Defendant, by a letter to the judge dated October 19, informed that he would be unable to appear for trial and that he was not represented by counsel. The letter was not filed with the clerk and is not included in the record before this court, but was acknowledged by the judge in open court before trial began. In the words of the judge:
“He has filed a pro se answer, as it were, to this Court dated October 19, saying that he is unable to be in Tuscaloosa, he is not able to be represented by legal counsel and he wants to have this written submission entered as his answer in response to this complaint.”
There does not appear to have been a request for a continuance, although counsel on appeal submits that the court should have considered the letter to be such a request. From the record before us, in the absence of a motion for new trial setting forth valid grounds for a continuance with accompanying exhibits or affidavits, we are unable to find basis for error by the trial court. Even if there had been a proper motion for continuance, the granting of such motion is within the judicial discretion of the court. Madison v. Weldon, 446 So.2d 21 (Ala.1984). There has been no showing of an abuse of that discretion in this case. Scott Paper Co. v. Griffin, 409 So.2d 1375 (Ala.1982).
Defendant’s second issue on appeal is that the trial court erred in finding an arrearage of child support without having evidence of the prior decree before it. The basis for defendant’s argument on this issue is that the court committed error when it took judicial notice of its own prior decree. If that is what the court did, we find no error in its doing so. Defendant submits authority that a trial court cannot take judicial knowledge of the record of another case. We have no disagreement with that authority. Defendant has misapplied it. The present matter before the court is not pertaining to another case. It is the same case — merely a proceeding to enforce its own prior decree in the same case. It is settled that the court may take judicial notice of the previous proceedings in the same case. Boone v. Director of Dept. of Public Safety, 337 So.2d 6 (Ala.Civ.App.1976); C. Gamble, McElroy’s Alabama Evidence § 484.02(2) (3d ed. 1977).
Defendant’s third issue relates to defensive matter presented by the pro se answer, but which was not supported by any evidence. To the contrary, the evidence supported the judgment of the court. We find no error in the case. It is, therefore, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.