L. CHARLES WRIGHT, Retired Appellate Judge.
The Mullinses (Wayne, Joann, Verdie and Cumi) filed suit in the Circuit Court of Crenshaw County against First Citizens Bank of Luverne and Robert R. Sanders, a director of the bank. The complaint alleged that the Bank and Sanders acted fraudulently in a series of transactions involving the Mullinses. Both the Bank and *1350 Sanders filed counterclaims against the Mullinses. The Bank’s counterclaim was for a breach of a promissory note. Sanders’s counterclaim was for judicial foreclosure of a mortgage.
Sanders filed a motion for severance on his counterclaim, which was granted by the trial court. Prior to trial the Bank and the Mullinses reached a pro tanto agreement on the Mullinses’ claim and summary judgment was entered on the Bank’s counterclaim.
The Mullinses’ complaint against Sanders for fraud proceeded to trial on August 19, 1985. The jury returned a verdict in favor of the Mullinses and assessed damages against Sanders.
On October 24, 1989 Sanders’s counterclaim to foreclose the mortgage was tried ore tenus. The trial court denied relief. Sanders appeals and raises seven issues for our review.
[1] Sanders fails to cite any authority, analogous, persuasive or otherwise, to support his first four contentions. Failure to cite any authority supporting his arguments precludes this court from considering the issues presented. May v. State, Dept, of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987); Alabama Rules of Appellate Procedure 28(a)(5).
[2] Sanders’s fifth contention is that the Mullinses failed to properly plead fraud as a defense to the counterclaim. The Mullinses answered the counterclaim and generally alleged fraud as a defense. Sanders contends that the affirmative defense was defective in that it was not pleaded with specificity or particularity in accordance with Rule 9(b) Alabama Rules of Civil Procedure. As a general rule, a party who fails to timely raise the issue of failure to plead with particularity waives that requirement. The time for raising such issue was in the pretrial pleadings. Broadleaf, Inc. v. Pierce, 445 So.2d 808 (Ala.Civ.App. 1984). Without determining the validity of Sanders’s assertion, we find that his failure to timely raise the alleged defect acted as a waiver in this instance.
Sanders’s remaining two issues are presented for the first time on this appeal. We are an appellate court with the authority to review orders of courts of original jurisdiction. We find no ruling by the trial court relating to either of these issues. Sanders’s contentions are original rather than appellate. We do not consider issues which were not first raised in the trial court. Liles v. Liles, 380 So.2d 908 (Ala. Civ. App. 1980).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.