INGRAM, Justice.
James McConico, Jr., acting pro se, filed an action against Michael D. McKibben and the law firm of Bradley, Arant, Rose & White, alleging negligence and a violation of McConico’s due process rights. McConi-co alleged that the defendants, who had represented McConico’s opponent in a previous action, had failed to comply with Rule 5(b), Ala.R.Civ.P., in the previous action because they did not send him a copy of the motion for summary judgment they filed. The defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court granted the defendants’ motion, and McConico appealed, again acting pro se.
In his brief on appeal, McConico has failed to cite any authority for the proposition that the law gives a litigant a cause of action for damages against his opponent or his opponent’s lawyers for alleged violations of the Alabama Rules of Civil Procedure. In fact, the Rules themselves provide several vehicles, other than separate civil actions, for correcting procedural deficiencies in civil suits, none of which McCon-ico availed himself of during the pendency of the prior litigation.
The law is settled that “ ‘[wjhere an appellant fails to cite any authority, we may affirm, for it is neither our duty nor function to perform all the legal research for an appellant.’ ” Henderson v. Alabama A & M University, 483 So.2d 392 (Ala.1986) (quoting Gibson v. Nix, 460 So.2d 1346, 1347 (Ala.Civ.App.1984)); see also Ala.R. App.P. 28(a). McConico cites several cases supposedly for the proposition that Alabama law recognizes such a cause of action. However, after review of the cited cases, we conclude that they do not support his claim. The trial court’s judgment of dismissal is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.