L. CHARLES WRIGHT, Retired Appellate Judge.
On September 26, 1989 Joey Lee Suttle and Jamie Lynn Dompier were arrested and charged with the possession of methamphetamine and marijuana. Suttle was released on a $5,000 appearance bond. Dompier was released on a $3,000 appearance bond. Sonny Livingston Bail Bonds, Inc. signed the bonds as surety for each.
Suttle and Dompier failed to appear for arraignment on December 20, 1989. On January 30,1990 the Circuit Court of Montgomery County issued notice of conditional bond forfeiture in the Dompier case. The court issued the same notice in the Suttle case on February 5, 1990. The notices were served on Livingston on February 7, 1990.
On March 1, 1990 Livingston filed a pro se motion to continue each case. The trial court denied the motions on March 5, 1990. On March 27, 1990 Livingston filed a motion requesting “a hearing on their Motion to Continue.” The trial court denied the request on March 29, 1990. On April 6, 1990 Livingston filed a motion of surety for extension of time to surrender the defendants. On April 17, 1990 the trial court granted the motion. On June 7, 1990 Livingston filed a motion of surety for further extension of time to surrender the defendants. The trial court denied the request. On June 22, 1990 the trial court made the conditional forfeitures final. Livingston filed a motion to set aside the final forfeiture. The final motion was denied. Livingston appeals.
Livingston asserts that the trial court failed to provide it with proper notice of the conditional bond forfeiture as required by § 15 — 13—81(b), Code 1975.
Livingston never challenged the sufficiency of the notice in the trial court. This argument is presented for the first time on appeal. This court is an appellate court with the authority to review orders of courts of original jurisdiction. We find no ruling by the trial court relating to this issue. Livingston’s contention is original rather than appellate. This court does not consider issues which were not first raised in the trial court. Liles v. Liles, 380 So.2d 908 (Ala.Civ.App.1980).
Livingston next asserts that the trial court erred when it failed to provide it with a hearing to show cause why the conditional forfeiture should not be made final.
Section 15-13-82(b) provides, in pertinent part, the following:
“Excuses for default on bail must be heard by the court on application at any time when not engaged in other business.”
Livingston never requested an opportunity to show cause why the conditional forfeiture should be excused as required by § 15 — 13—82(b). Livingston filed a motion for a hearing. That motion, however, was for a hearing on the denial of the motion to continue and was not to show cause why the conditional forfeiture should be excused. As stated previously, this court will not entertain an issue raised for the first time on appeal. Liles.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.