STEAGALL, Justice.
Durable Medical Equipment Company, Inc. (hereinafter “Durable Medical”), sued James Pittman in detinue and for conversion. Specifically, Durable Medical alleged that Pittman had removed certain computer equipment from its business for the purpose of programming and setting up the equipment for use by Durable Medical and that Pittman had converted the equipment to his own use and had never returned it to Durable Medical.
During the ore tenus hearing, Pittman testified that during 1987 he had no contact with Durable Medical or with Craig Browne, a co-owner of Durable Medical, and he denied taking the computer during that year. For the purpose of impeaching Pittman’s testimony, Durable Medical offered a copy of a promissory note signed by Pittman, which evidenced a loan made to Pittman by Craig Browne in January 1987. It also offered a copy of an invoice listing various pieces of computer equipment, software, and tax on the sale of the equipment, reflecting a total price of $11,-342.50. Over Pittman’s objection, the trial court admitted the note and the invoice into evidence.
The trial court entered a judgment in favor of Durable Medical in the amount of $11,342.50. Pittman filed a “motion for new trial and motion to alter, amend, or vacate judgment,” which was denied. Pittman appeals, arguing that the trial court erred in admitting the note and the invoice into evidence. Pittman cites no authority in support of this argument.
In Henderson v. Alabama A & M University, 483 So.2d 392, 392 (Ala.1986), this Court stated:
“ ‘Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor function to perform all the legal research for an appellant.’ Gibson v. Nix, 460 So.2d 1346, 1347 (Ala.Civ.App.1984).”
See, also, McConico v. McKibben, 581 So.2d 829 (Ala.1991).
On the authority of Henderson and McConico and the cases cited therein, the trial court’s judgment is affirmed.
AFFIRMED.
MADDOX, ALMON, ADAMS and INGRAM, JJ., concur.