L. CHARLES WRIGHT, Retired Appellate Judge.
In May 1992 a petition to commit Gary Pilgrim to a mental institution was filed by his mother in the Probate Court of Jefferson County. Following a hearing, the probate court committed Pilgrim to the custody of the State Department of Mental Health. Pilgrim appeals.
On appeal, Pilgrim’s sole assertion is that Alabama’s recently revised civil commitment law, §§ 22-52-1 through -15, Code 1975, is unconstitutional in that it does not meet the minimum standards and procedures mandated in Lynch v. Baxley, 386 F.Supp. 378 (M.D.Ala.1974), as required by the Due Process Clause of the United States Constitution.
There was no pleading of the constitutionality of the statute at the trial level. This issue surfaced for the first time on appeal. This court will not consider issues, constitutional or otherwise, which were not first raised in the trial court. Matter of Wilson, 431 So.2d 552 (Ala.Civ.App.1983); Liles v. Liles, 380 So.2d 908 (Ala.Civ.App.1980).
Even if Pilgrim had presented this issue to the trial court, he failed to utilize the *292 correct procedure for challenging the constitutionality of the statute in that he failed to give notice to the attorney general. Landers v. O’Neal Steel, Inc., 564 So.2d 925 (Ala.1990); Roszell v. Martin, 591 So.2d 511 (Ala.Civ.App.1991).
This appeal is dismissed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.