886 So.2d 825 (2004)
DRUMMOND COMPANY, INC.
v.
Gary Lee JOHNSON.
2020121.
Court of Civil Appeals of Alabama.
August 15, 2003.
Rehearing Denied October 3, 2003.
Certiorari Denied February 13, 2004.
*826 William Anthony Davis III, Jeannie B. Walston, and Blake D. Andrews of Starnes & Atchison, LLP, Birmingham, for appellant.
John E. Warren III and Jonathan Coleman Sapp of Warren & Sapp, L.L.C., Jasper, for appellee.
Alabama Supreme Court 1030070.
CRAWLEY, Judge.
Drummond Company, Inc. ("the company"), appeals from the trial court's award of workers' compensation benefits to Gary Lee Johnson ("the worker"). We affirm.
The worker sued the company seeking to recover workers' compensation benefits for occupational pneumoconiosis, an occupational disease that the worker alleged he had contracted as a result of his employment. The company answered and denied liability. Following an ore tenus proceeding, the trial court entered an order stating that the worker had failed to present sufficient evidence that he had occupational pneumoconiosis and denied benefits. The worker filed a motion to alter, amend, or vacate the judgment, or, in the alternative, for a new trial, arguing that the trial court had failed to properly consider certain testimony provided in deposition by his primary treating physicians. The company filed a reply to the worker's postjudgment motion. Upon consideration of those motions, the trial court amended its judgment and found that the worker had presented sufficient evidence that he suffered from occupational pneumoconiosis as a result of his employment with the company and that he was 38% permanently and partially disabled; it awarded benefits accordingly. The company then filed a notice of appeal to this court.
On appeal, the company argues (1) that the trial court erred by awarding workers' compensation benefits to the worker because, it claims, the worker presented no evidence indicating that he had been diagnosed with occupational pneumoconiosis; (2) that the trial court erred by awarding the worker benefits for past and future medical expenses related to a general "occupational disease" and "injuries," which, it claims, the trial court failed to specifically identify; and (3) that the trial court erred by awarding the worker costs for the expense of "medical fees for providing medical information and medical records."
The standard of review this court employs when reviewing a trial court's judgment in a workers' compensation case is well-settled. The Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975, provides that "[i]n reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness." § 25-5-81(e)(1), Ala.Code 1975. Our supreme court has stated the standard of review to be employed as to a trial court's findings of fact as follows:
"[U]nder the applicable standard of review, we will not reverse the trial court's finding of fact if that finding is supported by substantial evidence  if that finding is supported by `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'"
*827 Ex parte Trinity Indus., Inc., 680 So.2d 262, 268-69 (Ala.1996)(quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989), and citing § 12-21-12(d), Ala.Code 1975). See also § 25-5-81(e)(2), Ala.Code 1975. Further, "[t]he [1992 Workers' Compensation] Act did not alter the rule that this court does not weigh the evidence before the trial court." Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995).
The company first contends that the trial court erred by determining that the worker had occupational pneumoconiosis because, it claims, there was no evidence to indicate that a doctor had diagnosed him with that disease. It relies primarily on Ex parte Dan River, Inc., 794 So.2d 386 (Ala.2000), and Drummond Co., Inc. v. Harris, 824 So.2d 775 (Ala.Civ.App.2001).
In Dan River, supra, our supreme court reversed a trial court's award, and this court's affirmance of the award, of workers' compensation benefits for byssinosis because the worker had failed to provide any evidence to indicate that a doctor had diagnosed him as suffering from byssinosis. Three doctors who had examined the worker testified by deposition. The first stated that it was his opinion that the worker had a nonoccupational form of adult asthma; the second stated that the worker did not have byssinosis; and the third stated that he had treated the worker for chronic sinusitis and chronic bronchitis, but did not diagnose the worker as having byssinosis. The supreme court held that "it [is] error for [a] trial court to make a diagnosis that the medical experts [are] not willing to make." 794 So.2d at 390. It further stated:
"We generally agree that a trial court can synthesize a wide range of medical testimony, even conflicting medical testimony, to reach its own conclusions on medical matters. However, trial courts cannot go so far as to find that a plaintiff has a particular disease without the testimony of at least one medical expert, qualified to make such a diagnosis, who is willing to testify that the plaintiff is actually suffering from that disease."
Id. at 391 (emphasis added).
In Harris, supra, this court, relying on Dan River, similarly reversed a trial court's award of workers' compensation benefits for occupational pneumoconiosis when the record on appeal showed that no doctor had diagnosed the worker with occupational pneumoconiosis. The medical testimony available in the record in Harris was that the worker suffered from a respiratory-tract infection, not an occupational disease.
Upon review of those authorities, we conclude that the instant case is not subject to the principle of law set forth in Dan River and Harris. In this case, Dr. Jan Hendrick Westerman testified during deposition that the worker had occupational-induced reactive-airways disease. There was other medical testimony presented that the worker does not have occupational pneumoconiosis; therefore, the evidence was in conflict, and it was the trial court's function to synthesize that testimony and reach its own conclusions. See Dan River, supra.
Further, we conclude that occupational pneumoconiosis is not a "particular disease," such as the alleged disease at issue in Dan River, but that it is a term that encompasses a number of pulmonary diseases. "Occupational pneumoconiosis" is defined in the Workers' Compensation Act as:
"A disease of the lungs caused by inhalation of minute particles of dust over a period of time, which dust is due to causes and conditions arising out of and in the course of the employment, without *828 regard to whether the causes or conditions are inherent in the employment or can be eliminated or reduced by due care on the part of the employer. The term `occupational pneumoconiosis' shall include, but without limitation, such diseases as silicosis, siderosis, anthracosis, anthrasilicosis, anthracosilicosis, anthraco-tuberculosis, tuberculosilicosis, silicotuberculosis, aluminosis, and other diseases of the lungs resulting from causes enumerated in this section."
Section 25-5-110(2), Ala.Code 1975 (emphasis added). Our review of the record shows that the worker produced sufficient evidence that his occupational-induced reactive-airways disease, with which he was diagnosed by Dr. Westerman, is a disease of the lungs resulting from the causes stated in § 25-5-110(2). Accordingly, the trial court did not err by determining that the worker had occupational pneumoconiosis.
Our review of the remaining two issues raised by the company in its brief on appeal show that it has failed to cite any supporting authority for those arguments, in violation of Rule 28(a), Ala. R.App. P. "`Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor [our] function to perform all of the legal research for an appellant.' "McLemore v. Fleming, 604 So.2d 353, 353 (Ala.1992)(quoting Gibson v. Nix, 460 So.2d 1346, 1347 (Ala.Civ.App.1984)).
"Appellants who fail to comply with [Ala.] R.App. P. 28(a) place themselves in a perilous position. While we attempt to avoid dismissing appeals or affirming judgments on what may be seen as technicalities, we are sometimes unable to address the merits of an appellant's claim when the appellant fails to articulate that claim and presents no authorities in support of that claim. Under appropriate circumstances we will refuse to consider the appeal."
Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251, 253 (Ala.1985). "Failure to cite any authority supporting [the appellant's] arguments precludes this court from considering the issues presented." Sanders v. Mullins, 579 So.2d 1349, 1350 (Ala.Civ.App.1990). Accordingly, we will not address the remaining issues raised by the company.
The trial court's judgment is therefore due to be affirmed.
AFFIRMED.
YATES, P.J., concurs.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur in the result.
MURDOCK, Judge, concurring in the result.
The Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975, defines "occupational pneumoconiosis" as
"[a] disease of the lungs caused by inhalation of minute particles of dust over a period of time, which dust is due to causes and conditions arising out of and in the course of the employment, without regard to whether the causes or conditions are inherent in the employment or can be eliminated or reduced by due care on the part of the employer. The term `occupational pneumoconiosis' shall include, but without limitation, such diseases as silicosis, siderosis, anthracosis, anthrasilicosis, anthracosilicosis, anthraco-tuberculosis, tuberculosilicosis, silicotuberculosis, aluminosis, and other diseases of the lungs resulting from causes enumerated in this section."
Ala.Code 1975, § 25-5-110(2) (emphasis added). Thus, while the main opinion is correct that the term "occupational pneumoconiosis" is not a term that is limited to one particular disease, it is a term that does refer to particular diseases, namely, diseases of the lung that have a specific *829 etiology involving the "inhalation of minute particles of dust over a period of time." Because of the need for medical expertise to diagnose whether an employee suffers from a disease of the lungs with this particular etiology,[1] a case involving the question whether an employee suffers from occupational pneumoconiosis is no less subject to the principles of law articulated in Ex parte Dan River, Inc., 794 So.2d 386 (Ala.2000), and Drummond Co. v. Harris, 824 So.2d 775 (Ala.Civ.App.2001), than were those cases. Indeed, the issue in Harris was whether the employee suffered from occupational pneumoconiosis, and the same definition of "occupational pneumoconiosis" that is at issue in the present case was in place when this court decided Harris. We were correct to apply the principle of law articulated in Ex parte Dan River in the Harris case given the nature of the diseases that, definitionally, fall within the term "occupational pneumoconiosis" and the nature of the etiology prescribed by the statute.
The reason that the outcome for the employee is different in the present case than it was for the employees in Ex parte Dan River and Harris, therefore, is not that the present case is not subject to the same principle that governed the outcome in those cases. Instead, it is that, in applying that principle to the present case, one finds that, unlike the records in Ex parte Dan River, Inc. and Harris, the record in the present case does contain sufficient medical testimony supporting the trial court's conclusion that the worker suffered from occupational pneumoconiosis. Specifically, the record here contains substantial evidence in the form of the testimony of Dr. Westerman that the worker's condition resulted from, or was at least aggravated by, the inhalation over time of dust particles in his work, thus satisfying the definitional requirements of § 25-5-110(2).
NOTES
[1] This case illustrates the need for such medical expertise. While each of the five physicians who testified in this case agreed that the employee suffered from some illness in his lungs, some of the physicians involved stopped short of attributing that illness to the inhalation of minute dust particles, and some of the medical testimony tended to support the conclusion that the employee's illness had its etiology in exposure to chemicals or other workplace substances other than particles of dust.

Further, it is not enough that the record would support the conclusion that the worker suffered from some occupation-induced or occupation-aggravated illness. Consistent with Ex parte Dan River, Inc., 794 So.2d 386, and Drummond Co. v. Harris, 824 So.2d 775, it is necessary to determine whether the record supports the conclusion that the employee suffered from occupational pneumoconiosis, specifically, rather than some other illness, because the trial court specifically found the employee to suffer from occupational pneumoconiosis. This court is not a finder of fact and cannot make a finding that the employee suffered from some affliction different from that which the trial court found him to suffer. Nor can we speculate as to what percentage of disability, if any, the trial court would have assigned if it had found that the employee suffered from some different affliction.