MOORE, Judge.
Joshua Waller (“the father”) appeals from a judgment of the Geneva Circuit Court (“the trial court”) that, among other things, awarded Casey Lynn Waller (“the mother”) custody of the parties’ child (“the child”). We affirm the trial court’s judgment.

Procedural History

On May 17, 2012, the trial court entered a divorce judgment, awarding the parties joint legal and physical custody of the child, ordering the father to pay to the ■mother $89 per month in child support, and ordering that' any health-care expenses incurred by the child be divided between the parties, with the father paying 62% and the mother paying 38% of those expenses. On August 5, 2014, the mother filed a petition requesting that the father be held in contempt and seeking a modification of custody. She asserted, among other things, that the father had failed and refused to pay $600 of past-due child support and $30 of the child’s healthcare expenses as ordered. The mother also requested that she be awarded sole physical custody of the child and that the trial court recalculate the father’s child-support obligation. The father filed an answer to the mother’s petition, as well as a counterclaim requesting that the mother *1004 be held in contempt and seeking sole physical custody of the child. The mother filed a reply to the father’s counterclaim.
A trial was held on January 8, 2015. On January 13, 2015, the trial court entered a judgment, in which it concluded, among other things, that the father had willfully and contemptuously failed to pay child support as ordered and that the mother was not in contempt. The trial court awarded sole physical custody of the child to the mother; subject to the father’s visitation; ordered the father to pay child support in the amount of $743 per month; entered a judgment for the mother and against the father in the amount of $1,034 for a child-support arrearage and in the amount of $250 for attornéy’s fees; required the mother to maintain health insurance on the child; and required-any medical expenses not covered by insurance to be divided between the parties according to each party’s ;percentage share of their combined income, i.e,, “(Father — 62% and Mother — 37%).”
The father filed a motion for a new trial or, in the alternative, for the trial court to amend its judgment, which the trial court denied. The father timely filed his notice of appeal to this court on April 24, 2015.

Discussion

The father first argues on appeal that the trial court erred by refusing to allow him to present evidence- of previous orders by the trial court as part of. his defense to the mother’s contempt claim. The trial court did limit the father’s, testimony as to the contents of its judgment and orders entered in the divorce action, but the trial court, without objection, took judicial notice of those orders by stating that it’ was- well aware of -their content, See generally Richardson v. Richardson, 531 So.2d 1241 (Ala.Civ.App.1988) (holding that, in enforcement action, court can take judicial notice of its divorce judgment). Regardless, the trial court allowed the father to present the testimony he suggests would have, excused him from a contempt finding for failure to pay-ehild support,, as is discussed in the next paragraph. Thus, any alleged error committed by the trial court in excluding evidence was harmless error, which would not warrant a reversal of the judgment. See Rule 45, Ala. R.App. P.
The father states that the mother failed to make certain payments on- the debts securing the marital home and on the mother’s vehicle as ordered by the trial court in the divorce action. The father sets out that a judgment was entered against him in the amount of $12,439.25, due to the mother’s delinquency. The father points out that that judgment amount exceeds any child-support arrearage he owes. The father fails, however, to cite any legal authority indicating that he should be relieved of complying "with the child-support provisions of the divorce judgment based on those circumstances. See Rule 28(a)(10), Ala) R.App. P. It is neither the duty nor the function of this court to perform an appellant’s legal’ research. Spradlin v. Spradlin, 601 So.2d 76, 76 (Ala.1992). We therefore decline to address this issue raised by .the father. See Gibson v. Nix, 460 So.2d 1346, 1347 (Ala.Civ.App.1984).
The father next argues that the trial court exceeded its discretion in failing to maintain the joint-physical-custody arrangement set out in the divorce judgment. The father cites Ala.Code 1975, § 30-3-152(c), which provides that, “[i]f both parents request joint custody, the presumption is that joint custody is in the best interest of the child. Joint custody shall be granted in the final order of the court unless the court makes specific findings as to why joint custody is not grant *1005 ed/’ Because the parties were already exercising joint physical custody of -the child pursuant to the divorce judgment and because both parties were seeking an award of sole physical custody of the child, the presumption in § 30-3-152(c) did not apply and the trial court was not required to specify why it declined to maintain the joint-physical-custody arrangement. See Ex parte Byars, 794 So.2d 345, 349 (Ala.2001).
We conclude that the trial court’s award of sole physical custody of the child to the mother is supported by sufficient evidence. A joint-physical-custody arrangement may be modified based on a material change of circumstances showing that a modification would serve the best interests of the child. See Ex parte Blackstock, 47 So.3d 801, 804-05 (Ala.2009). Ex parte Couch, 521 So.2d .987 (Ala.1988), therefore, applies. The trial court failed to make specific findings of fact in its judgment; thus, we “ “will assume that the trial judge made those findings necessary to support the judgment.’ ” Fielding v. Fielding, 24 So.3d 468, 472 (Ala.Civ.App.2009) (quoting Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala.1992)). . The father does not argue on appeal that no material change in circumstances had occurred since the entry of the divorce judgment, Thus, that issue is .waived. See Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”). Without, unduly lengthening this opinion with a recital of all the supporting evidence, we conclude that the mother presented sufficient evidence indicating that the best interests of the' child would be served by awarding her sole physical custody of the child. Although the father attacks certain parts of the evidence that is unfavorable to the mother and highlights other evidence that is favorable to him, based on the deferential standard of review applicable when, as in this case, the trial court fails to make specific findings of fact, we cannot reweigh the evidence to reach a different determination. See S.L.L. v. L.S., 47 So.3d 1271, 1278 (Ala.Civ.App.2010).
The father next argues- that the trial court erred by failing to comply with Ala.Code 1975, § 30-3-166, which requires the trial court to include certain language in a custody judgment relating to the relocation of the child. The father failed to raise that argument before the trial court; therefore, he has waived that argument as a basis for reversal. J.J. v. 27 So.3d 519, 526 (Ala.Civ.App.2008).
The father finally argues that the trial court erred in ordering him to remove the child from his insurance coverage and in ordering the mother to maintain health insurance on behalf of the child. The,father fails to cite any legal authority in support of his argument, however. See Rule 28(a)(10), Ala. R.App. P., and Gallant v. Gallant, 184 So.3d 387, 404 (Ala.Civ.App.2014). To the extent the father argues that the trial court’s judgment requiring the mother to maintain insurance for the child forces the father to pay 62% of the expense of the mother and her husband’s insurance plan, we conclude that that assertion is without merit. The trial court ordered the father to pay- only his share of the child’s uncovered medical expenses, which would not include any health-insurance premiums for the mother or her new husband.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.