Rel: February 14, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

———————————————

## CL-2024-0534

———————————————

## Colbert County Board of Education

## v.

## Melcha Satchel

## Appeal from Colbert Circuit Court
## (CV-24-23)

LEWIS, Judge.

The Colbert County Board of Education ("the Board") appeals from a judgment entered by the Colbert Circuit Court ("the circuit court") reversing the Board's termination of Melcha Satchel's employment. We affirm the circuit court's judgment.

## Procedural History

On May 16, 2024, Satchel, a principal employed by the Board, filed in the circuit court a request for a nonjury expedited evidentiary hearing pursuant to § 16-24B-3(e)(2)b., Ala. Code 1975, of the Alabama Teacher Accountability Act ("the Act"), § 16-24B-1 et seq. After a trial, the circuit court entered an order on June 27, 2024, in favor of Satchel. The circuit court specifically found that the Board had not provided Satchel with proper notice and that the Board failed to prove that Satchel willfully violated the Board's policy.

On July 1, 2024, the Board filed a motion for clarification of the circuit court's order. On July 2, 2024, Satchel requested that the circuit court order the Board to reinstate his employment, asserting that, despite the June 27, 2024, order, "the Board has taken the position that it will not reinstate ... Satchel to his position." On July 3, 2024, the Board filed a motion to alter, amend, or vacate the circuit court's order or, alternatively, for a new trial.

On July 10, 2024, the Board electronically filed its notice of appeal with the circuit-court clerk. Later that same day, the circuit court entered an order that it stated served as an addendum to the previous order. In

the subsequent order, the circuit court again found that the Board had failed to give Satchel proper notice pursuant to § 16-24B-3(e)(2) and that the Board had not shown that Satchel willfully violated the Board's policy. The circuit court further specifically stated that the employment contract between Satchel and the Board remained in effect. The circuit court's order stated:

> "An April 18, 2024, letter from Superintendent [Chris] Hand listed allegations whereby he gave his recommendation to the … Board … to cancel the contract of … Satchel. The letter stated to the Board … that his recommendation was based on the grounds of willful failure to comply with board policy, and/or other good and just cause.

> "A hearing contesting the recommended cancellation took place on May 10, 2024. Subsequent to the hearing, the … Board … voted 4-2 to cancel … Satchel's employment contract. The Board … immediately notified … Satchel of its decision to cancel the contract. A copy of the letter of cancellation was given to … Satchel on May 10, 2024. The letter did not list any reasons for the cancellation of the contract. The letter was provided to this Court in Exhibit 2 that accompanied the Board's initial filing.

> "In a letter dated May 15, 2024, … Satchel formally requested a non-jury expedited evidentiary hearing before the Circuit Court. He would follow that request with a Motion for Summary Judgment, pursuant to Rule 56 of the Alabama Rules of Civil Procedure. The Motion was filed on June 18, 2024. The Motion states that the Board … was required to provide … Satchel with a statement of reasons for cancellation. The Motion further argued that the Board has not and cannot provide a statement of the reasons for

3

cancellation. After hearing arguments on June 21, 2024[,] this Court denied Summary Judgment due to both parties expressing they could not provide case law for their position

"The case then proceeded to trial where this Court heard the evidence and testimony in an Ore Tenus Hearing. Based on said hearing, this Court found the following statute to be the primary point of law:

"1. 16-24B-3(e)2 of the Code of Alabama, 1975 states that the Board canceling a Principal contract 'within five days of the action of the employing board canceling or non renewing the contract of the contract principal, the employing board shall provide written notice pursuant to subsection (c) to the contract principal with a statement of the reason upon which such action was taken.'

"The Board … argued to this Court that (1) an abundance of due process had been given ... Satchel prior to his termination and (2) the spirit of the law had been followed as to due process being given. The Board … argued these points while also admitting that they had not followed the statute which provides five (5) days to give its reasons for canceling [Satchel's] contract.

"The Alabama legislature, in writing the above statute, gave great specificity to be followed. The statute requires a very specific act of due process requiring a Board of Education, once it ha[s] voted to cancel a principal's contract, to provide written notice stating its reasons within five days. This Court would note that the language is very specific and uses the word 'shall.' Simply put, the … Board … failed to comply with the statute although the Teacher Accountability Act commands strict adherence.

"The Board … argues they did follow the spirit of the law, but this Court, in its decision and final order, must follow the letter of the law as is required by the Alabama legislature.

4

The Court of Civil Appeals has distinguished between cases of non-renewals and cancellations of principals' contracts. In Ex [p]arte Undrea Johnson[,] 332 So. 3d 910 (2020), the Court held that in cases of cancellations, the burden is on the board of education. The Code of Alabama, 16-24B-3(e)2 requires that the [B]oard follow the letter of the law in giving notice, and their reason for canceling -- it has failed to do so. Due process is an unwaivable requirement. The notice required in the above statute as written by the Alabama legislature is within the meaning of due process.

"Testimony was taken as to whether … Satchel willfully violated [B]oard policy. This Court based its decision on the evidence and testimony taken during an ore tenus hearing. The Board … failed to meet its burden and did not prove … Satchel willfully violated the board policy. The Board failed in two key points (a) not giving proper notice that … Satchel was terminated due to a willful violation; and (b) failure to meet the burden of proof of a willful violation.

"After learning of the Principal's school grade from the Department of Education[,] the Board … rehired him for a new three-year period ending in May 2026. Therefore, any attempt to use this reason for termination is pretextual and can not be used as a basis for terminating Satchel's contract. Further testimony taken from the Superintendent of Education demonstrated verbal communication between the Superintendent and the Principal. This verbal communication occurred with a failure by the Superintendent to give notice or instruction in writing. Again, and for emphasis, the Board failed to give proper notice to Mr. Satchel as to this point as well, as it lacks the requisite due process to be used as a cause for termination.

"Finally, the Board … asks for clarification of the Rule 52 partial findings during the ore tenus hearing. This Court, based on the evidence and testimony taken during the ore

tenus hearing, found that the Board … failed to meet its burden:

"Based on this Court's finding that the Board … failed to meet its burden, the contract between the Board … and Satchel remains in place; therefore, the contract between Satchel and the Colbert County Board of Education remains in full force and effect.

"All other relief requested by either party is herein DENIED."

The circuit court transmitted the notice of appeal to this court. Thereafter, this court requested that the parties submit letter briefs directed to the issue of whether the Board's notice of appeal filed with the clerk of the circuit court properly invoked this court's jurisdiction. See, e.g., Maxwell v. Maxwell, 266 So. 3d 748, 750 (Ala. Civ. App. 2018) ("Jurisdictional issues are of such importance that this court may take notice of them ex mero motu.") Both parties submitted letter briefs to this court.

Section 16-24B-5(a), Ala. Code 1975, provides, in pertinent part:

"All appeals of a final decision from the expedited evidentiary hearing shall lie with the Alabama Court of Civil Appeals. An appeal shall be filed within 14 days after the receipt of the final written decision of the circuit judge or the mediator. An appeal by either party shall be perfected by filing a written notice of appeal with the clerk of the Court of Civil Appeals within 14 days after the receipt of the final written decision of the circuit judge or the mediator by the party. …"

6

(Emphasis added).

Because the notice of appeal was transmitted from the circuit court to this court within 14 days, this court allowed the appeal to proceed.

<u>Discussion</u>

On appeal, the Board argues that (1) the circuit court erred by holding a trial de novo instead of an expedited evidentiary hearing; (2) the circuit court erred by declining to uphold the termination of Satchel's employment because Satchel stipulated that the termination was not due to personal or political reasons; and (3) the circuit court erred by failing to allow Board members to testify concerning their reasons for terminating Satchel's employment.

We note, however, that the trial court based its judgment on both the Board's failure to give Satchel proper notice pursuant to § 16-24B-3(e)(2) and the Board's failure to show that Satchel willfully violated the Board's policy. Section 16-24B-3(e)(2) provides that, "[w]ithin five days of the action of the employing board of canceling or nonrenewing the contract of the contract principal, the employing board shall provide written notice pursuant to subsection (c) [of this section] to the contract

7

principal with a statement of the reasons upon which such action was taken."

The Board argues in its opening brief, without citation to authority, that, because Satchel was given notice of the reasons for the termination of his employment on multiple occasions, no due process violation occurred despite the technical violation of the statute. The Board argues, again without citation to authority, that, even if there was a due process violation, nullification of the employment termination was an improper remedy. "When a trial court provides multiple reasons supporting its judgment, an appellant seeking reversal of that judgment is required to challenge all of those reasons in its opening brief, failing which the judgment is due to be affirmed. Alabama Department of Mental Health v. Nobles Grp. Homes, Inc., 343 So. 3d 1140, 1145-46 (Ala. Civ. App. 2021); see also Soutullo v. Mobile Cnty., 58 So. 3d 733, 738-39 (Ala. 2010). In Soutullo, the trial court, relying on two separate grounds, entered a judgment as a matter of law in favor of the defendant. On appeal, the plaintiffs challenged only one of those two grounds for the judgment. Our supreme court affirmed the judgment, writing, as set out in Nobles:

> "'In order to secure a reversal, "the appellant
> has an affirmative duty of showing error upon the

record." <u>Tucker v. Nichols</u>, 431 So. 2d 1263, 1264 (Ala.1983). It is a familiar principle of law:

> "'"When an appellant confronts an issue below that the appellee contends warrants a judgment in its favor and the trial court's order <u>does not specify a basis</u> for its ruling, the omission of any argument on appeal as to that issue in the appellant's principal brief <u>constitutes a waiver</u> with respect to the issue."

"<u>Fogarty v. Southworth</u>, 953 So. 2d 1225, 1232 (Ala. 2006) (footnote omitted) (emphasis added). This waiver, namely, the failure of the appellant to discuss in the opening brief an issue on which the trial court might have relied as a basis for its judgment, results in an affirmance of that judgment. <u>Id.</u> That is so, because 'this court will not <u>presume</u> such error on the part of the trial court.' <u>Roberson v. C.P. Allen Constr. Co.</u>, 50 So. 3d 471, 478 (Ala. Civ. App. 2010) (emphasis added). <u>See also</u> <u>Young v. Southern Life & Health Ins. Co.</u>, 495 So. 2d 601 (Ala. 1986). If an appellant defaults on his or her duty to show error by failing to argue in an opening brief an <u>unstated ground</u> that was placed in issue below, then, <u>a fortiori</u>, a challenge to the judgment is waived where, as here, the trial court <u>actually states two grounds</u> for its judgment, both grounds are championed by the appellee, and the appellant simply declines to mention one of the two grounds."

"'Because the [plaintiffs] have pretermitted discussion of one of the two grounds forming the basis for the [judgment as a matter of law], we

> pretermit discussion of the other ground, and we affirm the judgment.'

"Soutullo[ v. Mobile Cnty.], 58 So. 3d [733,] 738-39[ (Ala. 2010)]."

Nobles, 343 So. 3d at 1146.

Furthermore, our supreme court has explained:

> "It is the appellant's burden to refer this Court to legal authority that supports its argument. Rule 28(a)(10), Ala. R. App. P., requires that the argument in an appellant's brief include 'citations to the cases, statutes, [and] other authorities ... relied on.' Consistent with Rule 28, '[w]e have stated that it is not the function of this court to do a party's legal research.' Spradlin v. Spradlin, 601 So. 2d 76, 78 (Ala. 1992) (citing Henderson v. Alabama A & M University, 483 So. 2d 392, 392 (Ala. 1986) ('"Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor function to perform all the legal research for an appellant." Gibson v. Nix, 460 So. 2d 1346, 1347 (Ala. Civ. App. 1984).'))."

Board of Water & Sewer Comm'rs of City of Mobile v. Bill Harbert Constr. Co., 27 So. 3d 1223, 1253-54 (Ala. 2009).

We note that, although the Board cited authority in its reply brief, our supreme court has held that "[a]uthority cited for the first time in a reply brief cannot cure a complete failure to cite authority in the opening brief."  Griggs v. NHS Mgmt., LLC, [Ms. SC-2023-0784, Nov. 15, 2024] ___ So. 3d ___, ___ n.2 (Ala. 2024).  Moreover, although the Alabama

Association of School Boards, as amicus curiae, argued the notice issue with citations to authority, an amicus curiae is not a party to a cause and is limited to raising issues that were raised by the parties and argued in the parties' briefs. See, e.g., Hanes v. Merrill, 384 So. 3d 616, 621 n.3 (Ala. 2023) (holding that the court "will not consider the amicus's arguments, which go far beyond the scope of the parties' briefs and the plaintiffs' request for relief"); Lanzi v. Alabama Dep't of Revenue, 968 So. 2d 18, 21 n.1 (Ala. Civ. App. 2006) (plurality opinion) (holding that "because the … appellant in this court … waived … an issue [raised by an amicus curiae] by declining to argue it in his brief, we treat that issue as not before the court"); Hall v. Esslinger, 235 Ala. 451, 456, 179 So. 639, 643 (1938) (noting that there is no need for discussion of arguments that were presented in an amicus curiae brief that were not "treated by appellant in brief").

Because Satchel failed to present in his opening brief an argument supported by citations to authority concerning one of the bases upon which the circuit court relied in its judgment, we pretermit discussion of the other arguments and affirm the circuit court's judgment. See Nobles, 343 So. 3d at 1146.

11

AFFIRMED.

Hanson and Fridy, JJ., concur.

Moore, P.J., concurs specially, with opinion, which Edwards, J., joins.

MOORE, Presiding Judge, concurring specially.

I concur with the main opinion that the judgment of the Colbert Circuit Court ("the circuit court") should be affirmed. I write specially to address the jurisdiction of this court to hear this appeal.

To perfect an appeal from a judgment of a circuit court arising out of the Alabama Teacher Accountability Act, Ala. Code 1975, § 16-24B-1 et seq., a party must file a written notice of appeal with the clerk of this court within 14 days of the final judgment of the circuit court. Section 16-24B-5(a), Ala. Code 1975, provides, in pertinent part:

> "All appeals of a final decision from the expedited evidentiary hearing shall lie with the Alabama Court of Civil Appeals. An appeal shall be filed within 14 days after the receipt of the final written decision of the circuit judge or the mediator. An appeal by either party shall be perfected by filing a written notice of appeal with the clerk of the Court of Civil Appeals within 14 days after the receipt of the final written decision of the circuit judge or the mediator by the party. …"

In this case, within 14 days of the entry of the final judgment of the circuit court, the Colbert County Board of Education ("the board") electronically filed its notice of appeal with the clerk of the circuit court. Through computer programming, the notice of appeal was automatically transmitted to this court and "e-filed" on the same date. Within 30 minutes following that transmission, the clerk of this court notified the

13

parties and the circuit court that the appeal had been docketed in this court.

In my opinion, that filing procedure complied with § 16-24B-5(a). The "filing" of a written notice of appeal occurs when the notice is delivered to the clerk of the appropriate court for docketing. See Ex parte G.L.C., 281 So. 3d 401, 406 (Ala. 2018). Although the electronic filing of the notice of appeal with the clerk of the circuit court did not perfect the appeal, see Seibert v. Fields, 386 So. 3d 776, 778 (Ala. Civ. App.), cert. denied, Ex parte Seibert, 386 So. 3d 781 (Ala. 2023) (holding that notice of appeal filed in the Court of Civil Appeals was a nullity because it could have been filed only in circuit court), the subsequent electronic filing of the notice of appeal with the clerk of this court, although achieved indirectly, strictly satisfied the filing requirement of § 16-24B-5(a). Although the better practice would have been for the board to file the notice of appeal directly with the clerk of this court, which could have been accomplished by the electronic filing of the notice of appeal through the Alabama Appellate Courts' E-filing System currently accessible at https://efile.alappeals.gov or by hand filing the original notice of appeal with the clerk of this court, I cannot say that the alternative filing

14

procedure used by the board did not perfect its appeal, when the clerk of this court timely received the notice and properly docketed it.

Edwards, J., concurs.