[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 584 
In March 2000, Esler C. Walker, acting under Rule 60(b)(4), Ala.R.Civ.P., filed a motion asking the Chilton County Circuit Court to vacate a default judgment that had been entered against him. The circuit court dismissed his motion. Walker appealed from that dismissal. We affirm the dismissal.
On December 9, 1991, Bill Blackwell sued Esler C. Walker, Paul Unruh, and several other defendants in the Chilton Circuit Court for damages, based on alleged defects in an irrigation system the defendants had installed on Blackwell's Chilton County property. Shortly before the trial, set for April 1994, counsel for the defendants filed a motion to withdraw. The motion stated that the defendants had requested that counsel withdraw, that the defendants had been advised of the possible consequences of the request, and that the defendants no longer wished to actively defend the case. The court granted the motion on March 21, 1994. On April 4, 1994, Judge Stephen W. Drinkard dismissed a counterclaim filed by the defendants, for want of prosecution, and entered a default judgment against the defendants for $302,023 after they had failed to appear for trial. In March 1995, Walker retained another attorney, who filed for him a "Motion to Vacate and Set Aside Judgment." *Page 585 
After conducting a hearing, the court denied the motion. Walker did not appeal.
Blackwell began collection proceedings against Walker and filed an action in a Georgia court to domesticate the Alabama judgment. Walker lives in Georgia. After the judgment was domesticated in Georgia, Walker moved the Georgia court to vacate and set aside the judgment; the court denied his motion. Walker filed an action in a federal court against Blackwell, Judge Drinkard, and Judge John Simpson, a judge in Carroll County, Georgia. The action was summarily dismissed by District Judge Jack T. Camp. Judge Camp's order states that Walker's complaint failed to state a claim on which he could recover and that his filings made vague allegations — allegations of "constructive treason," overthrowing the government, conspiracy, and betraying the State into the hands of a foreign power, to name a few. Judge Camp dismissed Walker's action without prejudice, in order for Walker to amend his complaint, and he warned that he would not hesitate to impose sanctions if Walker filed an incomplete or vexatious complaint again. From the record, it does not appear that Walker took further action in that federal action.
Once the Georgia court denied Walker's motions to vacate the judgment, Paul Unruh attempted to file what he called a "foreign judgment," in a court in Houston, Texas; that "judgment" purported to award $10,000,000 against Blackwell, apparently for harassment, for mental anguish, and for depriving the defendants against whom the default judgment had been rendered of due process. That "judgment" lacks a judge's signature. In a letter written by Walker to Blackwell's attorney about the "foreign judgment," Walker stated that "what is going to happen is going to definitely challenge the Blackwell's [sic] financial position." Walker and Unruh then attempted to execute what they called a "common law lien" on Blackwell's property in Chilton County, based on the "foreign judgment," but the Chilton Circuit Court struck the "lien" as invalid.
Despite the fact that the Chilton Circuit Court had denied Walker's motion to set aside the default judgment against him, Walker, in March 2000, filed in that court a "Petition to Vacate a Void Judgment"; he appeared pro se, again asking that the default judgment be set aside. Walker then filed what he styled as a "Petition for a Writ of Prohibition, [Ala.R.App.P.] Rule 21," which he served on the clerk of the Chilton Circuit Court and on his former counsel in the original action. In that petition, Walker asserted that his former counsel had taken money from Blackwell and that the circuit clerk and Walker's former counsel had conspired and colluded "against rights." Walker also contended that a transfer of his case from Chilton County was necessary because, he said, there was credible evidence to show that Blackwell and those in conspiracy with him might threaten to or perpetrate violent and criminal acts against Walker and his family. Walker presented no evidence to support this assertion.
Blackwell filed a motion to dismiss Walker's "Petition to Vacate." Walker responded with a "Motion to Quash," a "Motion for Change of Venue," and a "Notice of Taking Judgment by Default." The court entered an order denying Mr. Walker's "taking by default." Judge John B. Bush set a hearing on all outstanding motions for June 22, 2000. Walker attempted to subpoena his former counsel and the circuit clerk, but the subpoenas were not issued because Walker did not pay the $16.00 fee. At the June 22 hearing, Judge Bush denied the motions to quash and to transfer. On June 29, 2000, Judge Bush dismissed Walker's "Petition for a Writ of *Page 586 
Prohibition" and granted Blackwell's motion to dismiss. Walker appeals the dismissal of his "Petition to Vacate a Void Judgment."
In his filings before this Court, Walker alleges a wide array of criminal acts performed by virtually every person with whom he has had contact during the proceedings in this case. He contends that opposing counsel, his former counsel, and the Chilton County circuit clerk have all conspired to perfect the "sham judgment against him." Walker has compiled an exhaustive list of crimes in his papers — he says that opposing counsel is a criminal and a liar; that his former counsel, who is now a judge, accepts bribes; and that the circuit clerk has a history of altering and destroying court records.
Walker asserts that Judge Drinkard and Judge Bush have committed fraud, and he claims that the collection process against him was "fraud" and "extortion." Walker calls for the "disbarment" of opposing counsel and the circuit clerk. In his brief, Walker boldly asserts that Judge Bush has lied about the record and "will commit any wrong to perfect schemes of fraud or extortion." (Appellant's Opening Brief, p. 3.) In his other filings in this Court, Walker argues that Judge Bush should be impeached because, Walker says, he solicits bribes for his cases. Additionally, Walker asserts that his "Petition for Writ of Prohibition" was "fixed" by a conspiracy of "one or more clerks" in this Court, the Chilton Circuit Court clerk, and his former counsel. Walker makes no citations to the record for any of his accusations and offers absolutely no evidence to support his theories.
Walker accuses the Chilton County Circuit Court of being "a racketeer-influenced corrupt organization." (Appellant's Opening Brief, pp. 8.) He asserts that the decisions rendered against him were "predetermined" and "rigged" by "thugs."[1] (Appellant's Reply Brief, pp. 3, 8.) Walker contends that the proceedings in Chilton County were "conducted with a long-standing demeanor of certain southern courts that `the fed' has no business instructing state courts of how to conduct proceedings." (Appellant's Reply Brief, p. 8.) He goes on to compare the proceedings against him to such atrocities as tarring and feathering, running people out of town on a rail, and lynching. Blackwell requests that sanctions be levied on Walker for abusing the court system by filing a frivolous action and a frivolous appeal.
Walker seems to argue in his brief that the default judgment against him should be vacated on the basis that it was void. In his motion filed under Rule 60(b)(4), Ala.R.Civ.P., he alleged that the Circuit Court of Chilton County lacked jurisdiction over the subject matter of the default judgment. It appears from the arguments in his brief and from various other documents filed with this Court that Walker has at times confused the concepts of jurisdiction and venue.
A motion filed under Rule 60(b)(4) constitutes a collateral attack on a judgment. See Denton v. Edmiston, 475 So.2d 877 (Ala.Civ.App. 1985). Collateral attack of a judgment is permissible only when the judgment is void for want of jurisdiction. See Balboa Ins. Co. v. Sippial Elec. Co.,379 So.2d 579 (Ala. 1980). "A judgment is subject to collateral attack for lack of jurisdiction if a jurisdictional defect is apparent on the face of the record." Manning v. Wingo, 577 So.2d 865, 867 (Ala. 1991), citing Balboa Ins. Co. v. Sippial Elec. Co., *Page 587 
supra. "A motion challenging a judgment as void is not addressed to the discretion of the trial court. If the judgment is void, it must be set aside." Ex parte CTF Hotel Mgmt. Corp., 719 So.2d 205, 207 (Ala. 1998).
A State court in Alabama has personal jurisdiction over a nonresident defendant if the defendant has "sufficient contacts" with this State, as defined in Rule 4.2(a)(2), Ala.R.Civ.P. That rule states, in pertinent part, that a person has sufficient contacts when he transacts business in the state (Rule 4.2(a)(2)(A)); contracts "to supply services or goods in this state" (Rule 4.2(a)(2)(B)); or otherwise has "some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action" (Rule 4.2(a)(2)(I)). The Legislature has granted circuit courts subject-matter jurisdiction over all civil actions in which the "matter in controversy exceeds" $10,000. Ala. Code 1975, § 12-11-30(1).
The record indicates that although Walker lives in Georgia and his company's principal place of business is in Georgia, Walker contacted Blackwell in Chilton County, Alabama, about installing an irrigation system for Blackwell's sod farm. Blackwell is a resident of Chilton County, and his sod farm is located in Chilton County. Walker's business installed the irrigation systems in Chilton County during the period May to July 1990. The amount in dispute over the defective irrigation system is approximately $300,000. No jurisdictional defects appear on the face of the record, and Walker could fully expect to be haled into an Alabama court for his actions in Chilton County. See Murray v. Alfab, Inc.,601 So.2d 878 (Ala. 1992).
All other arguments Walker makes before this Court are precluded by the doctrine of res judicata. When a court of competent jurisdiction renders a judgment on the merits of a case, a new claim involving substantially the same parties and the same cause of action is barred. See Parmater v.Amcord, Inc., 699 So.2d 1238, 1241 (Ala. 1997). When these elements exist, any claim that was adjudicated in the prior action, or that could have been adjudicated in that prior action, is prohibited. See id. The trial court dismissed Walker's claims, based on the doctrine of resjudicata; the application of that doctrine is a question of law. Thus, the appropriate standard of review is de novo. See Ex parte Graham,702 So.2d 1215, 1221 (Ala. 1997); Plus Int'l, Inc. v. Pace, 689 So.2d 160,161 (Ala.Civ.App. 1996).
There has been a prior judgment on the merits of Walker's first "Motion to Vacate and Set Aside Judgment," which was denied by final order after the judge considered arguments by both parties. The Chilton Circuit Court was the proper court to hear the case. The present action involves the same parties as the previous action, and Walker is attempting to bring issues before this Court that he argued, or should have argued, in regard to the first motion. In Walker's "Motion to Vacate and Set Aside Judgment," he argued that he merited relief from the default judgment entered against him because, he said, he was prejudiced unfairly by his counsel's withdrawal shortly before trial. This motion was denied by Judge Drinkard, and Walker did not appeal the judgment. In Walker's "Petition to Vacate a Void Judgment," he argues that the default judgment was void because he was prejudiced by his counsel's withdrawal shortly before trial. The circuit court correctly held that the claims in Walker's petition are extinguished as a result of the previous adjudication.
Blackwell asks this Court to impose sanctions on Walker, under Rule 38, *Page 588 
Ala.R.App.P., and the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-272(a), for what Blackwell calls frivolous and vexatious filings and actions. Blackwell did not ask the trial court for sanctions under the Alabama Litigation Accountability Act. This Court has no jurisdiction to grant relief under that Act when it is requested for the first time on appeal. See Johnson v. Fambrough, 706 So.2d 739
(Ala.Civ.App. 1997). This Court does, however, have jurisdiction under Rule 38, Ala.R.App.P., to determine whether an appeal is frivolous. "This rule vests the imposition of sanctions within the sound judicial discretion of the appellate court." Gilbert v. Congress Life Ins. Co.,646 So.2d 592, 594 (Ala. 1994).
"[T]he sole purpose of appellate briefs `is to present to [the appellate court] the legal issues and arguments involved in the appeal."Fox v. Murrell, 622 So.2d 386, 387-88 (Ala.Civ.App. 1993). A pro se litigant is not exempt from procedural rules merely because of an unfamiliarity with them. See Asam v. Devereaux, 686 So.2d 1222
(Ala.Civ.App. 1996). "[T]he rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel." Id. at 1223.
The record clearly demonstrates that Walker has used the court system as a tool for harassment. In his filings before this Court, Walker makes numerous unsupported allegations of criminal activity by a number of persons. He has attempted to bring actions against almost every court official involved in the proceedings in which the adverse judgments were rendered against him. His arguments before this Court are groundless in fact and in law, and his claims were previously adjudicated in another action. The primary purpose of Walker's filings with this Court seems to be to disparage the character of the opposing party, the circuit court judges, and the circuit court clerk. Because Walker appears to have made vexatious and frivolous filings with this Court and to have pursued this appeal for improper purposes, we grant Blackwell's motion for Rule 38 sanctions by awarding him double costs. Therefore, we affirm the trial court's judgment and impose Rule 38, Ala.R.App.P., sanctions.
AFFIRMED; RULE 38, ALA.R.APP.P., SANCTIONS IMPOSED.
Houston, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] Walker defines "thugs" as "a particular type of criminal who secure positions of authority and then use their positions as cover for a life of crime. A thug is a two-faced criminal, holding out one face of propriety while practicing a life of crime." Citing Arkon Daraul, A History ofSecret Societies (Citadel Press 1997).