Patricia Suzanne MATHEWS  *v.*  John Steven MATHEWS

05-1090                                                        244 S.W.3d 660

Supreme Court of Arkansas
Substituted Opinion delivered December 7, 2006

*Helen Rice Grinder*, for appellant.

*The Farrar Firm*, by: *Bryan J. Reis*, for appellee.

TOM GLAZE, Justice. This appeal arose out of an order establishing child support; in entering its child-support order, the trial court in the instant case also denied a motion to dismiss, filed by appellee John Steven Mathews (Steven), alleging that venue was improper in Faulkner County and that the appellant, Patricia Suzanne Mathews (Suzanne), failed to properly register the couple's Missouri divorce decree and child-support order in the Arkansas courts. The parties in this case originally filed their appellate briefs in the court of appeals. In their informational statements, both Suzanne and Steven averred that no basis for supreme court jurisdiction was being asserted; moreover, Steven's jurisdictional statement specifically asserted that his cross-appeal raised no questions of legal significance for jurisdictional purposes.

Nevertheless, the court of appeals determined that the appeal should be certified to this court, contending that the appeal presented issues of first impression, issues of substantial public interest, and issues that required clarification or development of the law involving the registration of foreign child-support orders. In its certification memo, the court of appeals stated that "[t]he specific issues that form the basis for certification *have not been raised by the parties*; however, the issues are preserved for appellate court review." (Emphasis added.) After briefly setting out the facts, the court of appeals' memo to this court provided as follows:

> This case raises the following three issues arising from [Steven's] challenge to the registration of the foreign decree and venue of the circuit court:
>
> 1. Is modification of the child-support order contemplated where the parties were divorced in Missouri but now live in Arkansas, and is UIFSA involved?
>
> 2. Do Arkansas courts have inherent authority to modify a foreign child-support order where the child and both parents now reside in Arkansas and the child-support obligor is paying substantially less than the presumptive amount in the family-support chart?
>
> 3. If UIFSA is inapplicable to this case, must a child-support petitioner in this situation who seeks to register a foreign decree comply with the Uniform Enforcement of Foreign Judgment Act, Ark. Code Ann. § 16-66-601 *et seq* (Repl. 2005)?

The court of appeals noted that neither party had "framed the arguments as we have here," but nonetheless maintained that "these issues must be resolved before determining whether venue and jurisdiction are proper in the Faulkner County Circuit Court." Our court accepted the court of appeals' certification on June 27, 2006.

This court's opinion was handed down on September 21, 2006. In that opinion, we first addressed the issues raised in Steven's cross-appeal — namely, whether the trial court erred in failing to dismiss the action on the grounds that venue was improper in Faulkner County, and whether the trial court should have granted his motion to dismiss on the grounds that Suzanne had not complied with the procedures for registering a foreign

decree. After determining that venue was proper in Faulkner County, this court addressed the registration issue. In doing so, we relied on the Comments to the Uniform Interstate Family Support Act (UIFSA), which provide in pertinent part that, "[o]nce every individual party and the child leave the issuing state, *the continuing, exclusive jurisdiction of the [issuing] tribunal terminates,* although the order remains in effect and enforceable until it is modified." Ark. Code Ann. § 9-17-611 cmt. (Repl. 2005) (emphasis added). The Comments further note the following:

> If both parties have left the issuing state and now reside in the same state, . . . [s]uch a fact situation *does not present an interstate matter and UIFSA does not apply.* Rather, *the issuing state has lost its continuing exclusive jurisdiction* and the forum state, as the residence of both parties, should apply local law without regard to the interstate Act."

*Id.* (emphasis added). Based on our understanding of these Comments, we held that, because Steven, Suzanne, and their child all now reside in Arkansas, the provisions of UIFSA were "simply inapplicable."

Steven petitioned for rehearing from our opinion, contending that this court erred in finding that UIFSA was not applicable, and, more particularly, in failing "to recognize the effect of Ark. Code Ann. § 9-17-613 [(Repl. 2002)]." In addition, Steven asserts that this court erred in finding that UIFSA is "inapplicable to registration of a foreign support order when both parties now reside in Arkansas."

■ In his brief in support of his petition for rehearing, Steven asserts that, in reaching its holding, this court relied upon the comment to UIFSA when it was enacted in 1993. However, he contends, our opinion fails to recognize that UIFSA was subsequently amended in 1997, specifically to make clear that UIFSA does apply to the fact situation now before the court. Here, Steven points out Act 1063 of 1997, codified at Ark. Code Ann. § 9-17-613 (Repl. 2002), which provides as follows:

> (a) *If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child-support order in a proceeding to register that order.*

> (b) *A tribunal of this state exercising jurisdiction under this section shall apply the provisions of articles 1 and 2 of this chapter, this article, and*

*the procedural and substantive law of this state to the proceeding for enforcement or modification.* Articles 3, 4, 5, 7, and 8 of this chapter do not apply.

(Emphasis added.) The clear implication of § 9-17-613 is that, in a situation like the one before the court, UIFSA *does* apply. Apparently, the court of appeals failed to discover this statute (as did this court, unfortunately), and as a result, the court of appeals believed the appeal raised an issue of first impression regarding the applicability of the Uniform Interstate Family Support Act in a situation in which both parties reside in the same state.

Thus, under the plain language of our statute, UIFSA does apply to the instant case, and the "jurisdictional" issue on which the court of appeals certified the appeal to this court was an inappropriate basis for certification. Accordingly, we withdraw our earlier opinion in its entirety, and we remand the appeal to the court of appeals for its expedited consideration of the arguments raised by the parties. *See* Ark. Sup. Ct. R. 1-2(d) (2006).

HANNAH, C.J., and GUNTER, J., concur in part and dissent in part.

JIM HANNAH, Chief Justice, concurring in part and dissenting in part. I concur in the majority's conclusion that this court erred in concluding that the Uniform Interstate Family Support Act (UIFSA) does not apply in this case. While I agree that this court erred, I do not agree that this case should be returned to the court of appeals. There is no opinion of this court construing jurisdiction under Ark. Code Ann. § 9-17-613 (Repl. 2002). This case presents an issue of first impression and a substantial question of law concerning the interpretation of an act of the General Assembly. It is thus properly before this court under Ark. Sup. Ct. R. 1-2(b)(1) and (6). This court should decide this case without any further delay.

GUNTER, J., joins.