Patricia Suzanne MATHEWS *v.* John Steven MATHEWS

CA 05-1090                                                   249 S.W.3d 840

Court of Appeals of Arkansas
Opinion delivered February 14, 2007

[Rehearing denied April 4, 2007.]

*Helen Rice Grinder,* for appellant.

*The Farrar Firm,* by: *Bryan J. Reis,* for appellee.

WENDELL L. GRIFFEN, Judge. On March 15, 2005, the Faulkner County Circuit Court modified the child-support obligation of appellee John Mathews to his former wife, appellant Patricia Mathews. Appellant appeals from the order, contending that the circuit court erred by adopting a summary prepared by appellee's accountant and alleging several errors regarding the calculation of child-support income and treatment of arrearages. Appellee cross-appeals, arguing that the circuit court erred in failing to dismiss due to improper venue and for failure to comply with the Uniform Interstate Family Support Act (UIFSA), Ark. Code Ann. § 9-17-101 *et seq.* (Repl. 2002). We certified this case to the Arkansas Supreme Court, which issued an opinion on September 21, 2006. Appellee petitioned the supreme court for rehearing, contending that it erroneously held that the provisions of UIFSA were inapplicable. The supreme court agreed and issued an opinion on December 7,

2006, vacating its original opinion and remanding the case to our court. Because we are bound by the supreme court's holding that the provisions of UIFSA were applicable to this case, we reverse and remand with instructions to apply UIFSA.

## Background Facts

The parties were married in Pulaski County, Arkansas, on July 23, 1998, and divorced in Boone County, Missouri, on July 29, 2001. By stipulation of the parties, appellant received custody of the parties' minor child, and appellee was ordered to pay $655 per month in child support. Since then, appellant and the minor child moved to Faulkner County, Arkansas, and appellee moved to Garland County, Arkansas.

On April 8, 2003, appellant filed a petition to register the Missouri divorce decree in Faulkner County Circuit Court, and on April 23, 2003, appellant filed a petition to modify child support. On May 19, 2003, appellee filed a motion to dismiss arguing that appellant's petition to register the foreign decree did not comply with UIFSA's registration provisions, codified at Ark. Code Ann. § 9-17-601 *et seq.* (Repl. 2002). He also alleged that Faulkner County was the improper venue for appellant's petitions. The circuit court found that venue was not proper in Faulkner County and entered a motion dismissing the case; however, the court set aside the dismissal on September 19, 2003. Appellee then filed an answer to the petition to register the foreign decree, again alleging that Faulkner County was the improper venue and that appellant's petition did not comply with UIFSA. On March 31, 2004, the court filed an order finding that jurisdiction and venue were proper, denying appellee's motion to dismiss or transfer, and registering the Missouri divorce decree.

Testimony at the final hearing on February 7, 2005, shows that appellee is a physician specializing in gastroenterology in Garland County. He operates his practice under a subchapter S corporation, but he uses corporation funds to pay for his automobile expenses as well. Since his divorce with appellant, he has fathered another child by a subsequent wife, from whom he is also divorced, and pays $2900 per month in child support. He is also making mortgage payments for his second ex-wife's home of $2500 per month, which he and his second ex-wife agreed would be considered alimony.

Marla Lammers, appellee's accountant, testified that appellee was an employee of his corporation and that appellee receives a W-2. She stated that appellee received $268,000 in salary in 2003.

He also received $80,002 in dividends from the corporation, which represented the corporations profits. Appellee pays for his own health, life, and disability insurance, although the corporation paid these expenses in 2000, 2001, and 2002. Lammers testified that the corporation pays part of appellee's insurance expenses, and other insurance expenses are paid by a dividend distribution.

When calculating appellee's child-support income, Lammers determined his gross income by adding his wages from his W-2s, interest, dividends, and income from appellee's clinic. She then deducted capital losses and alimony payments to calculate a gross income of $288,566. She then took deductions for federal income tax, state income tax, FICA, Medicare, medical insurance for dependent children, medical insurance for himself, and payments for support for other dependents. Appellee's child-support income, according to Lammers, was $147,908, which translated to a child-support obligation of $1849 per month.

After hearing arguments, the circuit court set appellee's child-support obligation at $1850 per month, effective March 1, 2005, and cancelled any overages or arrears. The finding was reflected in an order filed March 9, 2005.

This case was originally submitted to this court on May 31, 2006. After conferencing the case, the court of appeals certified it to the Arkansas Supreme Court. On September 21, 2006, the supreme court issued an opinion holding that Faulkner County was the proper venue for this case, that UIFSA was inapplicable to this case, and that the circuit court failed to comply with the dictates of Administrative Order Number 10. *See Mathews v. Mathews*, 368 Ark. 252, 244 S.W.3d 660 (2006). Appellee petitioned the supreme court for rehearing, contending that the supreme court erroneously held that UIFSA was inapplicable. The supreme court issued a second opinion on December 7, 2006, wherein it agreed with appellee that UIFSA was applicable; vacated its September 21, 2006, opinion; and remanded the case to this court. *See id.*

### Analysis

We begin our analysis with appellee's cross-appeal, as reversal on either of his arguments would render appellant's direct appeal moot. Appellee argues that the circuit court should have dismissed this case for appellant's failure to comply with UIFSA. Specifically, he contends that appellant never amended her peti-

tion to comply with the requirements of Ark. Code Ann. § 9-17-602 (Repl. 2002). Appellant argues that she needed not comply with the statute because appellee never contested the validity of the Missouri divorce decree.

In *Mathews*, the supreme court held that the provisions of UIFSA were applicable to this case. The court relied upon Ark. Code Ann. § 9-17-613 (Repl. 2002), which provides:

> (a) If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child-support order in a proceeding to register that order.
>
> (b) A tribunal of this state exercising jurisdiction under this section shall apply the provisions of articles 1 and 2 of this chapter, this article, and the procedural and substantive law of this state to the proceeding for enforcement or modification. Articles 3, 4, 5, 7, and 8 of this chapter do not apply.

On remand to this court, appellant contends that the supreme court's holding that UIFSA applies to the instant case requires reversal of the circuit court's order. We agree. The law-of-the-case doctrine provides that the decision of an appellate court establishes the law of the case for the trial court upon remand and for the appellate court itself upon subsequent review and is conclusive of every question of law and fact previously decided in the former appeal. *Jones v. Double "D" Props., Inc.*, 357 Ark. 148, 161 S.W.3d 839 (2004); *Turner v. Northwest Ark. Neurosurgery Clinic, P.A.*, 91 Ark. App. 290, 210 S.W.3d 126 (2005). Further, we are bound to follow the decisions of our supreme court. *Smith v. Aluminum Co. of Am.*, 78 Ark. App. 15, 76 S.W.3d 909 (2002). Therefore, we are bound by the supreme court's determination that the circuit court should have applied the relevant portions of UIFSA when it registered the Missouri decree.

Because the circuit court erroneously failed to enforce UIFSA's registration requirements, we reverse. However, rather than dismiss this case as appellant requests, we remand this case for a disposition consistent with this opinion. Our disposition renders appellee's venue argument and appellant's direct appeal moot.

Reversed and remanded on cross-appeal; direct appeal moot.

PITTMAN, C.J., and VAUGHT, J., agree.