MOORE, Judge.
Lamont Williams (“the father”) appeals from a judgment of the Madison Circuit Court (“the trial court”) dismissing a modification petition he filed against Annette Marie Williams (“the mother”) on August 6, 2009, on the ground of lack of subject-matter jurisdiction.
The father and the mother were divorced by a judgment of the Circuit Court of St. Louis County, Missouri, on June 1, 1998 (“the divorce judgment”). The divorce judgment awarded the father custody of the two minor children born of the parties’ marriage. Under a section entitled “Child Support,” the divorce judgment stated that the mother would not owe child support because, at that time, she was unemployed but that she would be responsible for one-half of the children’s uninsured dental and medical expenses. In 2005, the father, who had moved with the children to Alabama, filed a petition in the trial court entitled “Petition to Modify Divorce Decree and Petition to Accept and Make St. Louis, Missouri Dissolution Judgment and Divorce an Alabama Divorce Decree.” The clerk of the trial court designated the action initiated by that petition as case no. DR-05-439 (“the 2005 action”). The mother filed a counterclaim in the 2005 action, requesting a modification of the custody and visitation provisions of the divorce judgment. On July 18, 2006, the trial court entered in the 2005 action a judgment (“the 2006 modification judgment”) purporting to modify the visitation, medical, dental, and child-support provisions of the divorce judgment.
On August 6, 2009, the father filed in the trial court a “Petition for Rule Nisi and Modification” (the action initiated by that petition is hereinafter referred to as “the 2009 action”), alleging that the mother had willfully refused to pay her share of the children’s medical and dental expenses as required by the 2006 modification judgment. The father further alleged that material changes in circumstances had occurred since the entry of the 2006 modification judgment such that the mother should be required to pay monthly child support for the benefit of the parties’ youngest child. The clerk of the trial court designated the 2009 action as case no. DR-05-439.01. On September 2, 2009, the mother filed an answer, pro se, denying the father’s allegations.
The trial court held a hearing in the 2009 action on March 22, 2011. In that hearing, the father presented evidence of the increased financial needs of the parties’ youngest child and of the incomes of the father and the mother. During the presentation of the evidence, the trial court raised an issue, sua sponte, as to whether it had subject-matter jurisdiction over the father’s petition, asking the parties if the divorce judgment had been properly registered in the 2005 action as required by the Uniform Interstate Family Support Act (“the UIFSA”), Ala.Code 1975, § 30-3A-101 et seq.[1] The trial court *59 thereafter recessed the hearing so that the parties could gather information to address the issue. The next day, the mother filed a motion to dismiss the 2009 action for lack of subject-matter jurisdiction. The trial court reconvened the hearing and advised the parties that, upon reviewing the filings in the 2005 action, it had determined that the father had not properly registered the divorce judgment.
After listening to oral argument, the trial court entered a judgment on March 28, 2011, dismissing the 2009 action. The trial court noted in that judgment that it had also set aside the 2006 modification judgment based on the mother’s motion to dismiss for lack of jurisdiction, which, as the trial court found, the mother had actually filed in the 2005 action. The trial court further found that it lacked any independent jurisdictional basis for modifying the child-support provisions of the divorce judgment in the 2009 action. On March 31, 2011, the father filed a motion requesting an evidentiary hearing; the trial court treated that motion as a request under Rule 59, Ala. R. Civ. P., that it “reconsider” its order dismissing the 2009 action. On June 1, 2011, the trial court conducted a hearing at which the father presented evidence indicating that the mother had resided in Alabama since 2005 and that the mother had not contested the authority of the trial court to hear the 2005 action and to enter the 2006 modification judgment. After receiving briefs on the issue from both parties, the trial court entered an order on June 13, 2011, denying the father’s Rule 59 motion. The father timely appealed to this court.
The father argues first that the mother could not collaterally attack the 2006 modification judgment entered in the 2005 action. In its June 13, 2011, post-judgment order, the trial court indicated that the mother had filed a motion to dismiss for lack of subject-matter jurisdiction in the 2005 action, which it had treated as a motion to set aside the 2006 modification judgment, see Rule 60(b)(4), Ala. R. Civ. P. (authorizing a motion seeking to vacate a judgment on ground that it is void for lack of subject-matter jurisdiction). The June 13, 2011, postjudgment order reflects that the trial court had granted the mother’s motion and set aside the 2006 modification judgment in the 2005 action.[2]
The filing of a Rule 60(b)(4) motion, even one filed under the same case number as the judgment being attacked, is a collateral attack on the judgment. Walker v. Blackwell, 800 So.2d 582 (Ala. 2001). As a general rule, a judgment that is regular on its face and that indicates subject-matter and personal jurisdiction is conclusive on collateral attack. Reneke v. Reneke, 897 So.2d 1101, 1105 (Ala.Civ.App. 2003). However, “ ‘^Judgments entered •without subject-matter jurisdiction can “be set aside at any time as void, either on direct or on collateral attack.” ’ ” Kaufman v. Kaufman, 934 So.2d 1073, 1082 (Ala.Civ.App.2005) (quoting Alves v. Board of Educ. for Guntersville, 922 So.2d 129, 134 (Ala.Civ.App.2005), quoting in turn International Longshoremen’s Ass’n v. Davis, 470 So.2d 1215, 1217 (Ala.1985)). “ ‘A judgment is subject to collateral attack for lack of jurisdiction if a jurisdictional defect is apparent on the face of the *60 record.’ ” Walker v. Blackwell, 800 So.2d at 586 (quoting Manning v. Wingo, 577 So.2d 865, 867 (Ala.1991)). Therefore, the mother was not precluded from collaterally attacking the 2006 modification judgment on the ground that the trial court had lacked subject-matter jurisdiction to enter it.
The father next argues that the trial court did not have any evidence before it upon which to conclude that it had lacked subject-matter jurisdiction to enter the 2006 modification judgment. However, a trial court can take judicial notice of the pleadings and other materials on file in the clerk’s record. See Richardson v. Richardson, 531 So.2d 1241, 1242 (Ala.Civ. App.1988). The trial court indicated that, after reviewing the materials in the clerk’s files in the 2005 action, it discovered that the father had not properly registered the divorce judgment, i.e., that a jurisdictional defect appeared on the face of the record. See Walker, supra. Thus, we reject any contention that the trial court lacked any evidence on which to base its finding that the father had failed to properly register the divorce judgment.
The father next argues that the trial court, for a variety of reasons, erred in setting aside the 2006 modification judgment; however, the father appealed only the March 28, 2011, judgment, which dismissed only the petition for a rule nisi and the petition to modify the divorce judgment filed on August 6, 2009. We, therefore, cannot consider any arguments addressed toward the propriety of the judgment setting aside the 2006 modification judgment. See Landry v. Landry, 42 So.Sd 755, 757-58 (Ala.Civ.App.2009) (recognizing that an appellant’s failure to properly file a notice of appeal as to a particular judgment prevents an appellate court from obtaining jurisdiction to review that judgment). Nevertheless, because the trial court relied on its vacation of the 2006 modification judgment as its basis for dismissing the 2009 action, out of an abundance of caution we address the father’s contentions and find that the trial court did not err in setting aside the 2006 modification judgment.
In the 2005 action, the father sought solely a modification of, not the enforcement of, the child-support provisions of the divorce judgment.[3] Section 30-3A-609, Ala.Code 1975, a part of the UIFSA, provides, in pertinent part:
“A party ... seeking to modify ... a child-support order issued in another state shall register that order in this state in the same manner provided in [§ 30-3A-602, Ala. Code 1975,] if the order has not been registered.”
By its plain language, § 30-3A-609 mandates that a party seeking modification of a foreign child-support order must register that order in the manner prescribed by the UIFSA. The father argues that § 30-3A-613, Ala.Code 1975, applied to the 2005 action and relieved him of the duty of registering the foreign support judgment. However, § 30-3A-613(a) provides:
“If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a court of this state has jurisdiction to enforce and *61 to modify the issuing state’s child-support order in a proceeding to register that order”
(Emphasis added.) We acknowledge that the mother and the father resided in Alabama in 2005 and that the children had left Missouri so that § S0-SA-613(a) applies, see Mathews v. Mathews, 368 Ark. 252, 244 S.W.3d 660 (2006) (holding that Arkansas’s version of the UIFSA applied to registration and modification of foreign child-support order, even though father, mother, and child resided in state); however, under that statute, the trial court could modify the child-support provisions in the divorce judgment only “in a proceeding to register” that judgment. Section 30-3A-613(a) does not relieve a parent seeking to modify a foreign child-support order of the requirement of registering that order even if both parents and all the children have left the issuing state and now reside in this state. See Mathews v. Mathews, 98 Ark. App. 30, 249 S.W.3d 840 (2007) (reversing lower court’s judgment for failing to require registration of Missouri judgment in modification action in which both parents and the children had all moved to Arkansas).
Section 30-3A-602(a), Ala.Code 1975, provides:
“A support order or income-withholding order of another state may be registered in this state by sending the following documents and information to the appropriate court in this state:
“(1) a letter of transmittal to the court requesting registration and enforcement;
“(2) two copies, including one certified copy, of all orders to be registered, including any modification of an order;
“(3) a sworn statement by the party seeking registration or a certified statement by the tribunal or collection agency showing the amount of any arrearage;
“(4) the name of the obligor and, if known:
“(i) the obligor’s address and Social Security number;
“(ii) the name and address of the obligor’s employer and any other source of income of the obligor; and “(iii) a description and the location of property of the obligor in this state not exempt from execution; and
“(5) the name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.”
Although the father essentially acknowledges in his brief to this court that he did not strictly comply with § 30-3A-602, he argues that only substantial compliance should be required in a modification case in which the parties and the children reside in Alabama. See Twaddell v. Anderson, 136 N.C.App. 56, 523 S.E.2d 710 (1999). We need not decide that point, however. In his brief to this court, the father admits that the appellate record does not contain the documents that, he asserts, demonstrate that he substantially complied with § 30-3A-602. The burden is on the father, as the appellant, to ensure that the record on appeal contains sufficient evidence to warrant a reversal. Goree v. Shirley, 765 So.2d 661, 662 (Ala.Civ. App.2000). This court may not take judicial notice of the trial court’s records in the 2005 action. See J.B. v. Cleburne Cnty. Dep’t of Human Res., 992 So.2d 34, 40-41 (Ala.Civ.App.2008). Hence, this court has no basis for finding that the father substantially complied with § 30-3A-602.
The father also points out that other jurisdictions have held that, in the absence of prejudice to the opposing party, a fail *62 ure to properly register a- foreign judgment does not deprive a court of jurisdiction to modify.that judgment under the UIFSA. See Kendall v. Kendall, 340 S.W.3d 483 (Tex.App.2011); Owen v. Phillips, 126 Wash.App. 487, 108 P.3d 824 (2005); and Nelson v. Halley, 827 So.2d 42, 45-46 (Miss.Ct.App.2002) (en banc). However, this court, like the appellate courts of many other states, see, e.g., Auclair v. Bolderson, 6 A.D.3d 892, 895, 775 N.Y.S.2d 121 (N.Y.App.Div.2004); Lamb v. Lamb, 14 Neb.App. 337, 707 N.W.2d 423, 436 (2005); and Cepukenas v. Cepukenas, 221 Wis.2d 166, 584 N.W.2d 227, 229 (1998), has consistently held that a foreign child-support order must be registered before an Alabama circuit court obtains subject-matter jurisdiction to modify that order. See R.J.R. v. C.J.S., 72 So.3d 643, 647 (Ala.Civ.App.2011); and S.A.T. v. E.D., 972. So.2d 804, 807 (Ala.Civ.App.2007). The father has not presented this court with any compelling reason for overruling that line of cases.
Because the father did not register the divorce judgment, the trial court lacked subject-matter jurisdiction to enter its 2006 modification judgment. The father argues that the trial court nevertheless could not vacate the 2006 modification judgment because the mother, by failing to contest the lack of registration, thereby confirmed the divorce judgment under ' §. 30-3A-606, Ala.Code 1975. However, that Code section provides the procedure by which a nonregistering party may contest the validity or enforcement of a registered order. Section 30-3A-606(b) provides that a registered order will be confirmed by operation of law if a nonregistering party fails to timely contest it. According to § 30-3A-606(a), a nonregistering party has 30 days from the “date of service of notice of the registration” to contest the order. Section 30-3A-606 does not apply to a situation in which a foreign child-support order has not been duly registered, and it does not provide in any manner that a failure to contest a lack of registration thereby confirms an unregistered foreign child-support order. Because § 30-3A-606 is inapplicable, we conclude that the fact that the mother did not contest the lack of registration of the divorce judgment in the 2005 action is immaterial under the general rule that subject-matter jurisdiction cannot be conferred by the consent of the parties. University of South Alabama Hosp. v. Blackmon, 987 So.2d 1138, 1143 (Ala.Civ.App.2007).
We also reject any contention that the doctrines of the law of the case and res judicata precluded the trial court from setting aside the 2006 modification judgment. Both doctrines are designed to avoid repeated litigation over an issue that has already been decided. See Belcher v. Queen, 39 So.3d 1023, 1038 (Ala.2009); and Williams v. Moore, 36 So.3d 533, 540-41 (Ala.Civ.App.2008) (citing Whisman v. Alabama Power Co., 512 So.2d 78, 81 (Ala. 1987)). The father argues that the trial court at least impliedly decided that it had subject-matter jurisdiction when it modified the divorce judgment in the 2005 action and that the trial court, even if it acted in error in the 2005 action, was thereby prevented from later deciding otherwise. However, Alabama caselaw provides that the issue of subject-matter jurisdiction can be raised at any time, even after a judgment has been entered, K.M.G. v. B.A., 73 So.3d 708, 710 (Ala.Civ.App. 2011), and, as set out at length above, that a judgment entered without subject-matter jurisdiction can always be collaterally attacked.
Moreover, the record indicates that the parties did not previously litigate the issue of subject-matter jurisdiction. As ac *63 knowledged by the father, the mother never contested his failure to properly register the divorce judgment before 2011. The trial court even acknowledged that it had proceeded in the 2005 action without first ascertaining whether it had acquired subject-matter jurisdiction by a proper registration of the divorce judgment. Hence, the authorities cited by the father for the proposition that “if the question of subject-matter jurisdiction has been fully litigated in the original forum, the issue cannot be retried in a subsequent action between the parties,” see Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938); Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); and Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948), are inapt.
Besides attacking the decision of the trial court to vacate the 2006 modification judgment, the father makes no argument that the trial court erred in dismissing the 2009 action. The March 28, 2011, judgment is therefore affirmed.
The mother’s and the father’s requests for attorney fees on appeal are denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ, concur.

. See Stansbury v. Stansbury, (No. 99CA9, Aug. 9, 1999) (Ohio Ct.App.1999) (not selected for publication) ("Although it [is] unusual for a trial court to sua sponte find it lacks jurisdiction and to declare its earlier, unap-pealed judgment to be void, certainly it is *59 always appropriate for a trial court, or an appellate court for that matter, to review the matter before it to determine jurisdiction even if none of the parties have brought the issue to the court’s attention. We find the matter was properly before the trial court on the objection of CSEA, and it was appropriate for the trial court to determine the jurisdictional issue sua sponte.").

. The father did not provide this court with the record from the 2005 action.

. Although the divorce judgment did not order the mother to pay regular child support due to her unemployment, the trial court concluded that the divorce judgment did award child support by requiring the mother to pay a share of the children's medical and dental expenses. The father does not dispute that finding. Hence, this was not a case in which a foreign jurisdiction had failed to address child support so that no registration of the previously entered foreign judgment would have been required. See Ex parte Davis, 82 So.3d 695, 701 (Ala.Civ.App.2011).