Cite as 2023 Ark. App. 327

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-21-588

| | |
|---|---|
| LARA WILKERSON (FORMERLY DURHAM) | Opinion Delivered May 31, 2023 |
| APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-19-402] |
| V. | |
| RANDALL DURHAM | HONORABLE LYNN WILLIAMS, JUDGE |
| APPELLEE | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant, Lara Wilkerson, and appellee, Randall Durham, were married in October 2015, separated in May 2019, and were divorced by an August 2021 decree on the grounds of eighteen months of separation. Lara appeals the decree's division of property, contending that the circuit court clearly erred: (1) by awarding Randall a portion of the value of Lara's niece's home; (2) by awarding Randall half of Lara's bonus because it was actually an indebtedness, (3) by not awarding Lara "some" interest in Randall's premarital home; (4) by not awarding Lara "some" interest in Randall's premarital hotrod vehicle; and (5) by not awarding Lara half of the value of Randall's marital IRA. We affirm.

Domestic-relations cases are reviewed de novo on appeal, but the appellate court does not reverse a circuit court's findings unless they are clearly erroneous. *Wilcox v. Wilcox*, 2022 Ark. App. 18, 640 S.W.3d 408. A finding is clearly erroneous when, although there is

evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Furthermore, a circuit court has broad powers to distribute property in a divorce to achieve equitable distribution; mathematical precision is not required. *Id.* In reviewing a circuit court's findings, we defer to the court's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Id.*

Reviewing this appeal under the proper standards, giving due regard to the credibility determinations made by the circuit court, the relevant facts are these. Two months prior marrying, Randall purchased a home where the parties lived from their marriage in October 2015 until their separation in May 2019. Shortly after Lara and Randall married, Lara became the guardian of her minor niece (MC). The parties used marital funds to replace carpet and siding on the home, and marital funds were used to pay the monthly mortgage and utilities. However, there was no evidence presented that the home's value was increased by any marital-fund expenditures, nor was there any evidence of the home's value or the equity in the home.[1] The circuit court made no findings regarding Randall's premarital home; thus, Randall kept full ownership and responsibility for any related indebtedness.

Lara had bought a Harley-Davidson motorcycle right before she and Randall married, and Randall had long had a 1965 Dodge Coronet "hotrod" car. They both spent marital

---

[1]Randall had not been employed since August 2019. He testified that his $1,362 monthly mortgage payment on the VA loan had been held in abeyance for over a year pending divorce.

2

funds on indebtedness and basic maintenance on the motorcycle and for upkeep and major improvement to the hotrod, which was not in running order before they married. Neither party disputed that these were premarital assets, and neither party set a present value on either vehicle, although both testified about the marital money spent on each. The circuit court awarded Lara her premarital motorcycle and Randall his premarital car.

During the marriage, and in anticipation of starting a financial advising business, Aspire Wealth Builders, LLC, Lara accepted two payments totaling $115,000 in 2018 that represented a sign-on bonus. The bonus was eventually revealed to Randall and was presented as a forgivable loan; the amount of indebtedness decreased the longer Lara stayed with the company. Lara admitted that she had never repaid any of those funds, and she had no intention of leaving her employment. At the time of the divorce, Lara's marital interest in the business was worth $150,000, which the circuit court divided evenly (and which is not contested on appeal).

The circuit court also evenly divided the total $115,000 that it found to be a sign-on bonus acquired during the marriage. The circuit court took pains to spell out that Lara had been very evasive, unclear, and ultimately deceptive about how those funds were acquired and whether they had already been spent. There was no evidence that Lara ever paid any money toward the forgivable loans, and the funds were taxable as income to Lara. The circuit court found that Lara had been deceptive on her affidavit of financial means and that she had been deceptive, and perhaps fraudulent, in her preparation of her tax returns.

Regardless, the sign-on bonus money, which Lara had dissipated, was deemed marital and divided evenly.

As noted, the parties separated in May 2019. Lara initially filed for divorce, and Randall counterclaimed for separate maintenance. Obtaining discovery from Lara proved problematic, and she changed attorneys more than once, leading to delays in getting to trial.

In April 2020, Lara contracted to purchase a home at 203 Chinook in Hot Springs for $364,500, putting $10,000 in marital funds toward the purchase. Randall was resistant to Lara's purchase of a new home while they were still married; he had serious concerns that Lara was being deceitful about this and the discovery process. Lara petitioned the probate division of court and was granted permission to buy the home in the name of MC's estate with guardianship funds. The house was purchased in MC's estate's name in September 2020. The probate division of court ordered Lara to pay $2,550 a month in rent to MC's estate. In November 2020, Lara petitioned the court for permission to buy the house from her niece at any time. Lara did not go through with that purchase prior to the finality of the divorce nor did Lara pay rent as ordered. Lara instead drew $2,000 a month out of her niece's account.

At the time of the divorce trial in June 2021, there was no dispute that the Hot Springs house was worth at least $396,000. In fact, Lara testified it was worth more than $400,000. The circuit court determined that there was marital equity valued at the difference between what had been paid out of MC's funds ($354,500) and the current value ($396,000).

This sum of $41,500 was evenly divided as marital property, meaning that Randall was awarded $20,750.

Randall requested alimony, but the circuit court denied that request. Randall had been an aviation mechanic, but he had been unemployed since August 2019. Lara is a financial advisor and earns substantially more than Randall. Randall began receiving Social Security in 2020, after he turned sixty-two, and he "cashed out" $31,000 from his 401(k) to pay for living expenses pending divorce. At the time of divorce, there was $14,000 in an account, which the circuit court allowed Randall to keep. This was a consideration in the court's denial of alimony.

The final divorce was granted to Lara in an August 2021 decree on the grounds of eighteen months of separation. The divorce decree included the court's assessment that "[t]he evidence was plentiful with regard to the Wife's wrongful disposition of marital funds and her intention to defeat the marital interest of the Husband." The decree noted that Lara had presented "fake" loan documents to Randall and had obfuscated the discovery process; it noted the "contradictory" and "perhaps fraudulent" tax returns she prepared. The preceding findings were reduced to writing in a formal order, which Lara appeals.

Lara asserts that the circuit court clearly erred in (1) finding any marital value in her niece's home; (2) dividing Lara's "bonus" because it was a business loan and not a bonus; (3) denying Lara "some" interest in Randall's premarital home; (4) denying her "some" interest in Randall's car; and (5) denying her half of the entirety of Randall's retirement funds.

Lara has not demonstrated that the circuit court clearly erred in this case. The circuit court was required, as the trier of fact, to determine the credibility of witnesses and to resolve conflicting testimony. *Thakar v. Thakar*, 2022 Ark. App. 284, 646 S.W.3d 666. On appeal, we will not disturb a circuit court's resolution of disputed facts or determinations of credibility as these are within the province of the finder of fact. *Id.*

Our de novo review of the evidence convinces us that the circuit court attempted to make an even division of marital property, returned ownership of premarital assets to the person who owned it prior to marriage, and allowed normal, necessary living expenses to be expended pending divorce. The circuit court exercised its discretion in denying Randall any alimony, motivated in part by having allowed Randall to cash out part of his IRA and to retain the remaining value of his IRA. The division of marital property and an award of alimony are complementary devices that may be utilized by the circuit court to make the dissolution of a marriage financially equitable. *See Johnson v. Johnson*, 2018 Ark. App. 308, 550 S.W.3d 911. The circuit court permitted Randall to have half of Lara's marital sign-on bonus that she had hidden and lied about. We are not left with a definite and firm conviction that the circuit court clearly erred. To the contrary, after our de novo review, we are convinced that the circuit court did its level best to ensure that the overall distribution was fair and equitable, particularly considering its assessment of the credibility of the witnesses and the weight afforded to the evidence presented.

The circuit court is vested with a measure of flexibility in apportioning the total assets held in the marital estate upon divorce, and the critical inquiry is how the total assets are

6

divided.  *See Steeland v. Steeland*, 2018 Ark. App. 551, 562 S.W.3d 269.  We will not substitute our judgment on appeal as to the exact interest each party should have but will decide only whether the order is clearly wrong.  *Id.*  We hold that Lara has failed to demonstrate clear error in the circuit court's findings.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya* and *Sonia A. Kezhaya*, for appellant.

*Bryan J. Reis*, for appellee.